IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONNIE NELSON, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) Complaint for Violation of Civil Rights |
| | ) and Supplemental Claims |
| CITY OF CHICAGO, CITY OF CHICAGO | ) |
| POLICE OFFICER BLACK, STAR NO.: 16977, | ) **JURY DEMANDED** |
| UNKNOWN AND UNNAMED CITY OF | ) |
| CHICAGO POLICE OFFICERS, JASON | ) |
| OLESNAVAGE, and FOX FORD LINCOLN | ) |
| MIDWEST, LLC, | ) |
| | ) |
| Defendants. | ) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff RONNIE NELSON (hereinafter "Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned Defendants City of Chicago Police Officer Black, Star No.: 16977 (hereinafter "Black"), was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. The other as yet unknown and unnamed Defendants were also

1

acting under color of law in that they were the employee, agent or representative of the City of Chicago. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO POLICE DEPARTMENT.

6. At all times herein mentioned, Jason Olesnavage (hereinafter "Olesnavage"), was acting under color of state law and as the employee, agent, or representative of FOX FORD LINCOLN MIDWEST, LLC.

7. At all times herein mentioned, FOX FORD LINCOLN MIDWEST, LLC., a Michigan Corporation, operating in the State of Illinois, and doing business within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

8. On or about September 26, 2018, Plaintiff was lawfully driving in his vehicle in the City of Chicago, County of Cook, Illinois.

9. At that date, time and place, Defendant Police Officer Black and Unknown and Unnamed City of Chicago Police Officers caused Plaintiff to stop his vehicle. There was no legal cause or reasonable suspicion to cause Plaintiff to stop his vehicle and be detained.

10. The Defendants immediately requested that the Plaintiff exit his vehicle.

11. The Defendants questioned Plaintiff about driving a stolen vehicle.

12. In response to the questions Plaintiff produced a valid rental agreement showing that he had rented the car and he gave the Defendants related information about the rental of the vehicle.

13. Notwithstanding this, the Defendants caused Plaintiff to be arrested for a stolen car.

14. The Defendant Officers had called Olesnavage who informed the Defendant Police Officers that Plaintiff had rented the vehicle.

15. At the police station, the Defendant Police Officers acknowledged that Plaintiff did not steal the vehicle. However, the Defendant Police Officers proceeded to write Plaintiff tickets for driving on a suspended license and some sort of parking violation.

16. Plaintiff's license had not been suspended and he had not parked illegally.

17. Defendants FOX FORD LINCOLN MIDWEST, LLC and Olesnavage worked with the Defendant Police Officers, individually, and in concert and in a conspiracy, to have Plaintiff falsely arrested.

18. There was no legal cause to arrest Plaintiff for anything, nor was there any legal cause to give Plaintiff any tickets.

19. The Defendant Police Officers, and each of them, caused Plaintiff to be subjected to a prosecution for traffic tickets. There was no legal cause to prosecute the Plaintiff for a traffic ticket.

20. On or about November 8, 2018, the traffic tickets against the Plaintiff were dismissed.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

22. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the

awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFF AGAINST POLICE OFFICER BLACK AND THE UNKNOWN AND UNNAMED INDIVIDUAL POLICE OFFICERS FOR UNREASONABLE SEIZURE**

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

25. By reason of the conduct of Defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

26. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The individual Defendants and each of them violated the Plaintiff's rights in the following manner: the detention, seizure and arrest of Plaintiff by defendants and each of them, was without any legal cause. The search of Plaintiff and his vehicle was without any legal cause.

27. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS FOR ACTING IN CONCERT TO FALSELY ARREST AND DEPRIVE PLAINTIFF OF HIS CIVIL RIGHTS

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

29. During and immediately after Plaintiff's seizure, Defendant Olsenavage and the Defendant Police Officers acted in concert and in a conspiracy to falsely arrest the Plaintiff as described above.

30. There was no legal cause for Defendants to arrest Plaintiff.

31. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

32. Constitution of the United States and laws enacted thereunder.

33. The arbitrary intrusion by Defendants and each of them, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The individual Defendants and each of them violated the Plaintiff's rights in the following manner: the detention, seizure and arrest of Plaintiff by defendants and each of them, was without any legal cause. The search of Plaintiff and his vehicle was without any legal cause.

34. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### PLAINTIFF AGAINST THE INDIVIDUAL POLICE OFFICER DEFENDANTS AND EACH OF THEM AND THE CITY OF CHICAGO FOR THE SUPPLEMENTAL CLAIM OF MALICIOUS PROSECUTION

35. Plaintiff incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

36. Defendant Police Officer J. Black and as yet unknown Defendants caused a traffic prosecution to commence and/or continue against Plaintiff.

37. The persons named in the previous paragraph, police officers employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a traffic action against Plaintiff without probable cause for the institution and/or continuation of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

38. Defendant Police Officer J. Black and as yet unknown Defendants, initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving a false ticket with a false accusation.

39. The criminal proceedings were terminated in the plaintiff's favor on or about November 8, 2108.

40. The CITY OF CHICAGO is liable to Plaintiff for the acts of its employees pursuant to the doctrine of *respondeat superior*.

41. Therefore, the above-named Defendants and the CITY OF CHICAGO are liable under the supplemental state law claim of Malicious Prosecution.

## COUNT IV
## PLAINTIFF AGAINST DEFENDANTS OLSENAVAGE AND FOX FORD LINCOLN MIDWEST, LLC. FOR THE SUPPLEMENTAL CLAIM OF ABUSE OF PROCESS

42. Plaintiff incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

43. Defendants Olsenavage and FOX FORD LINCOLN MIDWEST, LLC., abused the legal process by knowingly reporting to the police the vehicle that Plaintiff had rented (as a loaner while his car was being repaired) as being a stolen vehicle when they in fact knew that Plaintiff was lawfully driving the vehicle.

44. These Defendants had an ulterior purpose or motive to abuse the process by falsely reporting a stolen vehicle in that they were retaliating against Plaintiff because of the Plaintiff's complaints about his car and the repairs that the Defendants were supposed to be doing to it.

45. The process used by the Defendants was not proper in the regular course of the proceedings in that the process used was malicious and a lie.

46. Defendant, FOX FORD LINCOLN MIDWEST, LLC., as the employer of Olsenavage, is being sued in its capacity *Respondeat Superior*.

47. Therefore, these Defendants are liable for the claim of abuse of process.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD., requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

7

4. That the Defendants other than the City of Chicago and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

BY: s/Edward M. Fox
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com